Rinaldo Del Gallo, III
Pro Se
79 Nancy Avenue
Pittsfield, MA 01201



RECEIVED APR 10 2006 MAURA S. DOYLE CLERK OF THE SUPREME JUDICIAL COURT FOR SUFFOLK COUNTY

Massachusetts Supreme Judicial Court--Single Justice

| | |
|---|---|
| **Rinaldo Del Gallo, III,** | Case No.: *[handwritten]* 0181 |
| Plaintiff, | COMPLAINT |
| vs. | |
| **Roger Parent**, United State Postal Service Postmaster, Pittsfield Post Office, | |
| **Chief Anthony Riello**, Chief, Pittsfield Police Department, | |
| Defendant | |

I, Rinaldo Del Gallo, testify under pains of perjury that all of the following statements of facts are either true or believed to be true, all of the following statements of belief are believed to be true, and that all of the following statements of law are beliefs believed to be true:

*[signature]*

Rinaldo Del Gallo, III April 07, 2006

## JURISDICTION

1. This is an original action in equity under Massachusetts law, before a single justice of the Massachusetts Supreme Judicial Court, seeking a declarative judgment and injunctive relief, Mass. Gen. L. c. 214 §1,

COMPLAINT - 1                               79 Nancy Avenue
                                            Pittsfield, MA 01201

which states, "The supreme judicial and superior courts shall have original and concurrent jurisdiction of all cases and matters of equity cognizable under the general principles of equity jurisprudence and, with reference thereto, shall be courts of general equity jurisdiction."

2. Courts in equity have supplemental jurisdiction to hear claims sounding in common law, and state courts have supplemental jurisdiction to hear federal claims.

**PARTIES**

3. Rinaldo Del Gallo, III is a candidate for Massachusetts Governor' Council, 8th District, who, by May 2, 2006, must submit 1,000 signatures by certified Democrats or Unenrolled to be placed on the ballot.

4. Roger Parent is the United State Postal Service Postmaster for the Pittsfield Post Office, located at 212 Fenn Street, Pittsfield, MA 01201.

5. Chief Anthony Riello is the Chief of the Pittsfield Police Department, located at 39 Allen Street, Pittsfield, MA 01201.

**FACTS**

6. During the spring of 2004, Rinaldo Del Gallo was collecting signatures in front of the Pittsfield Post Office for Governor's Council, when he was arrested by the Pittsfield Police Department for refusing to cease and desist gathering signatures for political office in front of the Pittsfield Post Office, upon complaint by the Pittsfield Postmaster for trespass under state law, in contravention to law.

7. On Monday, March 27, 2006, the Pittsfield Police stopped Rinaldo Del Gallo, III and Dion Robbins-Zust who were gathering signatures by

standing on the sidewalk on Fenn Street owned by the City of Pittsfield, when they occasionally had to walk on to the driveway to give elderly people their clipboard with signature papers. Mr. Robbins-Zust was talking to a woman that was a neighbor for an extended period of time.

8. On Monday, March 27, 2006, the Pittsfield Police told Mr. Del Gallo that if he stepped foot on the property of the Pittsfield Post Office, we would be arrested again for trespass.

9. On Monday, March 27, 2006, the Pittsfield Post Master, Mr. Roger Parent, told Mr. Del Gallo that not only could he not get signatures on Postal property or he would be arrested, he was told that he could not ask people for signatures, and direct them Mr. Robbins-Zust who would gather signatures on the public sidewalk.

10. Whereas Mr. Del Gallo is fearful of threats, intimidation or coercion constituted by the threat arrest by the Pittsfield Police Departments and Mr. Parent's, Mr. Del Gallo is afraid to gather signatures for Massachusetts Governor's Council at the Post Office, a constitutionally protected right. *Initiative And Referendum Institute V. United States Postal Service*, 417 F.3d 1299; (Fed. Court of Appeals D.C. Cir. 2005) (holding that a postal ban on gathering signatures for an initiative petition constitutes an unlawful infringement of First Amendment rights); *Batchelder v. Allied Stores Corp.*, 393 Mass. 819, 822, 473 N.E.2d 1128 (1985) (holding that a mall and police department violated signature gathers constitutionally protected rights under Article 9 of the Massachusetts Declaration of Rights under the Massachusetts Constitution); *William Walker v. Georgetown Housing*

COMPLAINT - 3
79 Nancy Avenue
Pittsfield, MA 01201

*Authority*, 424 Mass. 671; 677 N.E.2d 1125; (1997) (holding that a housing authorities ban on door-to-door campaigning was illegal); *United States v. Kokinda*, 497 U.S. 720, 727, 111 L. Ed. 2d 571, 110 S. Ct. 3115 (1990) (five justices holding that a complete ban on political speech, without the money solicitation, was unconstitutional).

11. "As society becomes more insular in character, it becomes essential to protect public places where traditional modes of speech and forms of expression can take place. It is true that the uses of the adjacent public buildings and the needs of its patrons are an important part of a balance, **but there remains a powerful argument that, because of the wide range of activities that the Government permits to take place on this postal sidewalk, it is more than a nonpublic forum**." *United States v. Kokinda*, 497 U.S. 720, 727, 111 L. Ed. 2d 571, 110 S. Ct. 3115 (1990)(Kennedy concurrence)(while five justices held that commercial sales could be proscribed from Post Office grounds, Kennedy forming the critical fifth vote, five justices opined—Kennedy, Brennan, Marshall, Blackman, Stevens—that the Post Office is more than a non-public forum, the four judge dissent saying that it is an open forum.)

12. The United States Post Office has a regulation that is content-based, even if purporting to be content neutral. It is content based, and thus subject to strict scrutiny, because it allows some categories of speech but not others. For instance, under 39 C.F.R. 232.1(h)(1), we are told that "(h)(1) Soliciting alms and contributions, **campaigning for election to any public office**, . . . **soliciting signatures on petitions, polls, or surveys** are **prohibited** (except as otherwise authorized by Postal Service, where they are **permitted**). We are then

COMPLAINT - 4

79 Nancy Avenue
Pittsfield, MA 01201

told by 39 C.F.R. 232.1(h)(1)(i-iii) "**These prohibitions do not apply to** (i) Commercial or nonprofit activities performed under contract with the Postal Service or pursuant to the provisions of the Randolph-Sheppard Act; **(permitted)** (ii) Posting notices on bulletin boards as authorized in Sec. 243.2(a) of this chapter; **(permitted)** (iii) The solicitation of Postal Service and other Federal military and civilian personnel for contributions by recognized agencies as authorized by the Manual on Fund Raising Within the Federal Service, issued by the Chairman of the U.S. Civil Service Commission under Executive Order 10927 of March 13, 1961." **(permitted)**.

13. There is yet further content-based discrimination. Under 39 C.F.R. 232.1(h)(2), "Leafleting, distributing literature, picketing, and demonstrating by members of the public are prohibited <u>in lobbies and other interior areas</u> of postal buildings open to the public," **and thus are permitted on the exterior sidewalks**. "Public assembly and public address, <u>except when conducted or sponsored by the Postal Service</u>, are also prohibited <u>in lobbies and other interior areas</u> postal building open to the public," **and thus are permitted on the exterior sidewalks**.

14. Under 39 C.F.R. 232.1(h)(4), "Voter registration may be conducted on postal premises **(permitted)** only with the approval of the postmaster or installation head provided that all of the following conditions are met:

(i) The registration must be conducted by government agencies or nonprofit civic leagues or organizations that operate for the promotion of social welfare <u>**but do not participate or intervene in any political campaign on behalf of any candidate or political party for any public office.**</u>

COMPLAINT - 5

79 Nancy Avenue
Pittsfield, MA 01201

(ii) **<u>Absolutely no partisan or political literature may be available, displayed, or distributed</u>**. This includes photographs, cartoons, and other likenesses of elected officials and candidates for public office.

15. These are veritable potpourri of permitted and prohibited speech on public sidewalks within the Post Office property, all within the property of the Post Office. On the public sidewalks, *but on the Postal premises*, just outside the Post Office building one can leaflet, distribute literature, picket, engage in public assembly and public address. While this is permitted, wholesale categories of speech, even if done in a viewpoint neutral way (which they were not), were banned, of interest in this case banning the solicitation of signatures on petitions, which is prohibited. Inside the post office, one can assemble and engage in public speech, so long as you engage in the "suitable" and "good" speech that would warrant "sponsorship" of the United States Post Office, a classic example of viewpoint discrimination.[1]

16. When certain categories of speech are permitted, and entire other categories of speech are proscribed, the speech regulation is not content-neutral, strict scrutiny applies, and the regulation will only be sustained if to serve a compelling interest and is narrowly tailored to leave open alternative avenues for communication. It also makes the exterior of the Post Office, at the bare minimum, a limited public forum.

---

[1] It is admitted that in *Initiative And Referendum Institute V. United States Postal Service*, 417 F.3d 1299; (Fed. Court of Appeals D.C. Cir. 2005) it was held that the regulation

COMPLAINT - 6
79 Nancy Avenue
Pittsfield, MA 01201

17. There is not alternative avenue—face to face communication is needed to gather signatures, and shouting from a public sidewalk at people as they walk in hardly constitutes a meaningful "alternative avenue for communication." *Ridley v. Massachusetts Bay Transportation Authority*, 390 F.3d 65, 88 (1st Cir. 2004)(holding "Viewpoint discrimination concerns arise when the government intentionally tilts the playing field for speech; *reducing the effectiveness of a message, as opposed to repressing it entirely*, thus may be an alternative form of viewpoint discrimination.")

18. "One is not to have the exercise of his liberty of expression in appropriate places abridged on the plea that it may be exercised in some other place." *Reno v. ACLU*, 521 U.S. 844, 880, 138 L. Ed. 2d 874, 117 S. Ct. 2329 (1997) (quoting *Schneider v. New Jersey*, 308 U.S. 147, 163, 84 L. Ed. 155, 60 S. Ct. 146 (1939)).

19. It is well-settled law that *even if a regulation is viewpoint neutral*, it is content-based and thus subject to strict scrutiny if certain categories of speech are proscribed and others permitted.

20. Because the Post Office has opened up its sidewalks to so much speech under its regulations, it has become a public forum and speech regulation, even if not content based (which it is), is subject to strict scrutiny. If this is not considered a public forum under United States Law, it certainly is under the Massachusetts Constitution that grants broader rights, and four justices, Brennan, Marshall, Blackmun, and Stevens recognized it was a content-based regulation in *United States v. Kokinda*. Brennan dissent holding that "I think it clear that the sidewalk in question is a 'public forum,' and that the Postal

79 Nancy Avenue
Pittsfield, MA 01201

Service regulation does not qualify as a content-neutral time, place, or manner restriction."

21. Even if there has been a written ban on getting signatures in the Code of Federal Regulations, this was never actually applied to candidates, and it is the worst kept secret in the world that for generations, candidates have been getting signatures at the Pittsfield Post Office; when a forum is opened to speech, even if contrary to written policy, it has become in practice an open forum and strict scrutiny applies.

22. I was targeted because of his prior father's rights activities, his opposition to gay marriage, and his previous first amendment lawsuit regarding a musical festival (which I won). Even recently people came out to complain, despite long lines by people unlawfully waiting in Fenn Street to get in the Post Office, which were obviously of much greater concern. This is viewpoint discrimination.

23. Massachusetts does not pay particular attention to forum analysis when leafleting, signature gathering, and soliciting political support is concerned. "Activities such as leafleting and solicitation are by tradition and function so closely linked with free expression that the Court has properly scrutinized restrictions upon those activities with special care, <u>without pausing to establish at the outset that the restrictions operate in a public forum</u>. Instead, the approach has been to presume a need for strict scrutiny unless a peculiarly non-public forum is involved." *William Walker v. Georgetown Housing Authority*, 424 Mass. 671; 677 N.E.2d 1125; n.8 (1997), quoting with approval L.H. Tribe, American Constitutional Law § 12-24, at 988 (2d ed. 1988), and

COMPLAINT - 8

79 Nancy Avenue
Pittsfield, MA 01201

further holding, "We need not decide whether we would find the Supreme Court's public, nonpublic, and limited public forum classifications instructive in resolving free speech rights under our Declaration of Rights."

24. Massachusetts offers wider protection of free speech and political rights than afforded under the Federal Constitution, and in this instance, even if the court were to rule the Federal Constitution has not been violated, the Massachusetts Constitution has been. *Cabaret Enterprises*, (holding ban on sale alcoholic beverages at nude dancing establishment illegal under Massachusetts Constitution though legal under Federal Constitution); *Batchelder v. Allied Stores Corp.*, 393 Mass. 819, 822, 473 N.E.2d 1128 (1985) (holding that Massachusetts law prohibits the banning of gathering signatures in the common areas of shopping malls while First Amendment of the United States Constitution permits such a ban.)

25. Accordingly, Massachusetts dispenses with intent when determining whether there is a limited public forum, as the court did in *First Unitarian Church v. Salt Lake City Corp.*, 308 F.3d 1114 (10th Cir. 2002). *See generally,* Seth D. Rogers, A Forum by Any Other Name . . . Would Be Just as Confusing: The Tenth Circuit Dismisses Intent from the Public Forum." 4 Wyo. L. Rev. 753 (2004), and to the extent this is not currently the law, it is invited to do so. Otherwise, when the government actually opens a forum up to speakers, it could simply say that "it did not intend to open the forum up to everyone," effectively turning what is truly a limited public forum into a closed public forum

if the government does not favor the speakers viewpoint or disfavors the category of speech.

26. Even if it was ruled that the Pittsfield Post Office did not target Rinaldo Del Gallo, even it was determined that the regulation, though obviously allowing some categories of speech but not others, and even it was determined that the Pittsfield Post Office is a non-public forum, speech regulation in even non-public forums in a content-neutral manner must be reasonable, and reasonable the regulation banning the solicitation of signatures is not. *Initiative And Referendum Institute V. United States Postal Service*, 417 F.3d 1299; (Fed. Court of Appeals D.C. Cir. 2005) is right on point, and the only difference between that case and the instant is one involves an initiative petition and another signatures for public office, a distinction without a difference. "Further evidence that § 232.1(h)(1) prohibits substantially more speech than is necessary to achieve its aims is the fact that the Postal Service already accomplishes those purposes through myriad other means that do not involve an outright ban on the solicitation of signatures." *Id.*

27. 39 C.F.R. § 232.1(e) already provides the necessary protections to protect the United States Post Office, from people that really disturb the peace with outrageous conduct or that obstruct ingress or egress. *Id.*

28. There is simply no reasonable argument that either an invasion of the "substantial privacy interests" of postal patrons, or a "clear and present danger of a serious substantive evil," lurks in the importuning of postal patrons on public sidewalks.

COMPLAINT - 10

29. While under the original United States Constitution (and present incarnations), Congress is entitled to have a Post Office, the ban on the Federal Congress regulation speech is absolute: ""Congress **shall make no law** . . . abridging the freedom of speech, or the right of the people peaceably to assemble, . . . or the right of the people . . . to petition the Government for a redress of grievances." "No law" means no law. Speech regulation is left to the respective states, and the United States government is banned from undoing free speech and assembly rights granted by the respective states.

30. Speech regulation of merely passing out literature, asking for a vote, or soliciting a signature, even in non-public forums, is highly disfavored because it is almost never reasonable. *See, e.g.,* O'Connor, J., concurring in the judgment in an opinion appearing in *International Society for Krishna Consciousness, Inc. v Lee*, 120 L Ed 2d, at page 554, expressed the view that (1) a publicly owned airport is not a public forum; (2) the proper standard of review was whether the regulation was reasonably related to maintaining the multipurpose environment that the Port Authority had deliberately created; and (3) under such a standard, the regulation was not reasonable, since there was no explanation offered as to how peaceful pamphleteering alone or in conjunction with solicitation of funds--was incompatible with that environment.

31. The First Amendment is often inconvenient. But that is beside the point. Inconvenience does not absolve the government of its obligation to tolerate speech. The Pittsfield Post Office makes no showing that

COMPLAINT - 11   79 Nancy Avenue
Pittsfield, MA 01201

any real impediments to the smooth functioning of the airports cannot be cured with reasonable time, place, and manner regulation.

### RELEVANT STUTORY AND CASE LAW

32. Under the Massachusetts Civil Rights Act, Massachusetts Gen. L. c.24 § 11H, "Whenever any person or persons, *whether or not* acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, the attorney general may bring a civil action for injunctive or other appropriate equitable relief in order to protect the peaceable exercise or enjoyment of the right or rights secured." By threatening to arrest me if I gathered signatures, or threatening to arrest me if I stepped on the Pittsfield Post Office property, my rights afforded under both the Massachusetts Constitution and the Federal Constitution have been violated.

33. Pursuant to the Massachusetts Civil Rights Act, Massachusetts Gen. L. c.24 § 11I, "Section 11I. Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, as described in section 11H, may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief as provided for in said section, including the award

COMPLAINT - 12
79 Nancy Avenue
Pittsfield, MA 01201

of compensatory money damages. Any aggrieved person or persons who prevail in an action authorized by this section shall be entitled to an award of the costs of the litigation and reasonable attorneys' fees in an amount to be fixed by the court." It is under this provision, in part, that this action is brought.

34. Article IX of the Declaration of Human Right in the Massachusetts Constitution states, "All elections ought to be free; and all the inhabitants of this commonwealth, having such qualifications as they shall establish by their frame of government, have an equal right to elect officers, and to be elected, for public employments."

35. *Article XVI* of the Declaration of Human Right in the Massachusetts Constitution states, "The liberty of the press is essential to the security of freedom in a state: it ought not, therefore, to be restrained in this commonwealth. The right of free speech shall not be abridged."

36. Article X of the Declaration of Human Right in the Massachusetts Constitution, "the state Due Process clause, reads, "Each individual of the society has a right to be protected by it in the enjoyment of his life, liberty and property, according to standing laws."

37. Article XI, of the Declaration of Human Right in the Massachusetts Constitution states, "Every subject of the commonwealth ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which he may receive in his person, property, or character. He ought to obtain right and justice freely, and without being obliged to purchase it; completely, and without any denial; promptly, and without delay; conformably to the laws." This codifies in

79 Nancy Avenue
Pittsfield, MA 01201

our Massachusetts Constitution, the holding of *Bivens v. Six Unknown Named Agents,* 402 U.S. 388, 91 S.Ct.1999, 29 L.E.2d 619 (1971) (holding that that there are implied causes of action even if there is no explicit statutory remedy).

**38.** Article XIV, of the Declaration of Human Right in the Massachusetts Constitution states, "Every subject has a right to be secure from all *unreasonable* searches, and *seizures, of his person*, his houses, his papers, and all his possessions." The seizure of my person for gathering signatures is unreasonable.

39. The First Amendment of the United States Constitution states, "Congress shall make no law . . . abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances." My rights to free speech and assembly have been violated. (Assembly rights under the Massachusetts Constitution are also claimed.)

**40.** The First Section, of the Fourteenth Amendment to the United States Constitution reads, "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." My liberty interest has been deprived in the substantive due process sense of the word.

41. The Ninth Amendment of the United States Constitution states, "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." And the right to run for office is just such a privilege and immunity protected by the 9th Amendment.

COMPLAINT - 14         79 Nancy Avenue
                       Pittsfield, MA 01201

42. The Federal Civil Rights Act, codified at 42 USC §1983, reads, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

43. To the extent the Postmaster is not a state actor, he is still governed by the Massachusetts Constitution, and I am still protected under the Federal Constitution in a *Bivens* style action based upon rights implied in the United States Constitution.

**RELIEF REQUESTED**

44. Damages, cost, and attorney's fees are requested.

45. It is asked that the court enjoin the Pittsfield Police (through Chief Riello) and Postmaster Parent for gathering signatures in front of the Pittsfield Post Office.

46. It is asked that the be the following declaratory relief, "It is hereby declared that there is a constitutional right to gather signer for office in front of the United States Post Office, and so long as Mr. Del Gallo is doing so in a way that does not unduly obstruct traffic, his conduct is legal and he is not guilty of the crime of trespass."

47. All other relief that is just and proper is requested.

COMPLAINT - 15                                79 Nancy Avenue
                                              Pittsfield, MA 01201

Dated this 7th day of April, 2006

_____
Rinaldo Del Gallo, III
Pro Se
79 Nancy Avenue
Pittsfield, MA 01201

**A True Copy**

4/24/06
Date

Attest: _____
Assistant Clerk

**CERTIFICATE OF SERVICE:** I certify that a copy of this complaint was hand-delivered to Mr. Parent of the Pittsfield Post Office in Pittsfield, and hand-delivered to Kathleen Degnan Esq., the acting City Solicitor of Pittsfield.

RECEIVED
APR 10 2006
MAURA S. DOYLE CLERK
OF THE SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY

COMPLAINT - 16                              79 Nancy Avenue
                                            Pittsfield, MA 01201