Federal District Court, Springfield Massachusetts Division

| | |
|---|---|
| **Rinaldo Del Gallo, III,**<br>Plaintiff,<br>v.<br>**Roger Parent**, United State Postal Service Postmaster, Pittsfield Post Office,<br>**Chief Anthony Riello**, Chief, Pittsfield Police Department,<br>Defendant | Case No.: 06-30063-KPN<br><br>MOTION TO PERMIT NON-CONFORMING BRIEF IN MOTION FOR SUMMARY JUDGEMENT |

HERE COMES RINALDO DEL GALLO, III

I think that I have complied with the rules of the court as pertains to the form of briefs (it is within the 20 page limit and in 12 point font). But in the case that I have not, I ask for the court's leniency and allow a non-conforming brief.

Normally, any given case has two or three principle issues of law and the facts are complex. There are distinctly nine complex issues that took a great deal of explanation to clarify. Adding to the problem is the plethora of sub-issues as the United States Supreme Court has narrowed, only to re-expand, the First Amendment. For instance, it was once clear that content-based speech on a public sidewalk was strictly forbidden. (*Hague v. CIO*). But this was modified in *Grace*, and what is and is not a *Grace* sidewalk is a very nuanced inquiry.

ISSUE 1: Whether Mr. Del Gallo's activity of asking people to sign his signature sheet off of postal property on the city sidewalk falls within the Postal Regulation?

Asking for a signature on postal property was clearly within the postal regulation, but the behavior of asking for the signature on postal property wherein the signature would be done on a city sidewalk was not. But this required looking at past cases and admissions made therein. I also had to point to statements made in the postal bulletin.

ISSUE 2: Whether the applicable postal regulation is a content-based restriction or whether it is a content neutral time-place-manner restriction?

The law really developed here. In *Kokinda*, it appeared that a viewpoint postal regulation would be content-neutral. Great care had to be used to show how this changed, and shortly after the cases of *Burson* and *Longo*, it was evident that the categorical ban of the postal regulation was content-based. This section could even be further developed, but due to spatial limitations, was not. There had to a detailed analysis of the case law because it was very important to show that whatever uncertainty might have existed when *Kokinda* was decided, it was eminently clear the regulation was content based.

1

ISSUE 3: Whether the sidewalk at the Pittsfield Post Office is a traditional public forum, subject to strict scrutiny review, because it is a *Grace* sidewalk?

This was a difficult subject because I had to go through numerous cases to show that a Grace sidewalk is *functionally* physically indistinguishable from city sidewalks, not *visibly* physically distinguishable. This required a *very* studied view of the cases, the facts involved, and the fine combing the utterances of the court to determine the rule of law.

ISSUE 4: Whether the sidewalk at the Pittsfield Post Office, if not a Grace sidewalk and thus a traditional public forum, is a quasi-public forum subject to strict scrutiny review because it has been opened to so many speakers, or a nonpublic forum subject to only a reasonableness review?

This was also a very difficult part. The fact patterns and the regulations were used to show the wide array of permissible speech. The government has developed a habit of saying that because there was an effort to close the forum to *some* people, it was a non-public forum. This is not at all the law. But it took an explanation of the wide array of allowed speech, and clear articulation of the case law to show that merely banning some categories of speech would not make the forum a "non-public forum" if so much other speech was permitted. This required a highly nuanced examination of the previous cases— distinguishing it from cases when the quantity and variety of speakers was very limited.

ISSUE 5: Whether, assuming the sidewalk at the Pittsfield Post Office is a limited (quasi) public forum or traditional public forum, whether the regulation passes strict scrutiny?

This required some showing of the standards involved, definition of compelling interest, and the full meaning of narrowly tailored. A demonstration of the categorical approach to strict scrutiny is given and explained, as well as recitation of case law saying the value of the speech needs to be considered.

ISSUE 6: Whether, assuming arguendo, the sidewalk at the Pittsfield Post Office is a nonpublic forum, whether the regulation is reasonable?

Again, this was very difficult. I had to show that even in non-public forum, reasonableness analysis was not toothless, and provide such examples of unreasonable regulation. Also, the case law regarding so much similar speech or more offensive speech and the reasonableness standard had to be explicated. Finally, it had to be shown how this case stood compared to other cases where the regulation was found to be reasonable.

ISSUE 7: Whether the postal regulation comes within the enabling statute or is ultra-vires?

This approach has never been taken in the First Amendment Postal cases, but there appears to be no enabling act to allow the Post Office to ban speech and render nugatory the Massachusetts Declaration of Rights. This was a very Byzantine area of administrative and constitutional law, and needs detailed explication.

ISSUE 8: Whether there is an equal protection violation?

I had to explain the concept of equal protection in limited forums, what it means in a practical sense, and provide legal authority. This was not easy and was very nuanced. Harder still, the wide array of speech allowed often blurs concepts of whether the forum has been opened, whether the regulation is reasonable, and whether there has been an equal protection violation. While all three concepts have much to do with the quantity and variety of speech permitted, they are distinct and need to be individually developed.

Though not numbered, there were two more issues, which I had to "mix in" with other issues, or relegate to a footnote.

ISSUE 9: Whether the postal regulation violated the Massachusetts Constitution?

This required a detailed analysis of a case that allowed signature gathering even in private shopping malls. Also of high relevance was a case that rejected the *Perry* forum analysis, which would send a content-based speech restriction to strict scrutiny if made in a place where one had a right to be, even if it was a "non-public forum." It has to be shown why under Massachusetts law, nice discussions about "Grace sidewalks," or public property that was somehow a "non-public forum" simply are not applicable. If you are where you have a right to be, a content-based restriction needs strict scrutiny review—and this had to be developed so that it could be contrasted with federal First Amendment law.

ISSUE 10: Whether the United States Congress has the power to pass a law so as to violate a state constitutional provision protecting speech, assembly, or the power to petition?

Though largely relegated to footnote 11 (and some other main text), this is a very hard issue. There is no case where the federal government tried to pass a law that rendered void a state constitution's protection of speech, assembly, and the right to petition. This was very hard to develop, I really didn't have the space to give the subject complete justice, and was necessary. I had to discuss the language of the Constitution and the purpose of the Bill of Rights, and why the Bill of Rights puts a limit on Article 1, Section 8 powers. The discussion of federalism and the federal government's non-ability to render void the free speech/petition/assembly rights afforded by the states required very careful and difficult analysis.

Continuing in this litigation has worked a very difficult hardship as I am having serious financial difficulties and personal difficulties, and am not getting paid for this. This has been enormously time consuming and causing great personal complications. In the strongest possible terms, I am praying that this court show leniency and magnanimity and accept this brief if it determines that it is non-conforming.

Rinaldo Del Gallo, III                February 15, 2007

3