Federal District Court, District of Massachusetts, Springfield Massachusetts Division

| **Rinaldo Del Gallo, III,** Plaintiff, v. **Roger Parent**, United State Postal Service Postmaster, Pittsfield Post Office, **Chief Anthony Riello**, Chief, Pittsfield Police Department, Defendant | Case No.: 06-30063-KPN<br><br>MOTION TO PERMIT NON-CONFORMING BRIEF IN MOTION FOR SUMMARY JUDGEMENT<br><br>(Second) |
|---|---|

HERE COMES RINALDO DEL GALLO, III

I think that I have complied with the rules of the court as pertains to the form of briefs. I thank Magistrate Neiman for his helpful instructions in his order dated 2/28/07. Accordingly, I have redrafted the brief so that:

1. The brief is double-spaced as required by Locals Rules 5.1(a) and 7.1(b)(4). Pursuant to Rule 5.1, everything is double spaced except for footnotes, quotations, and exhibits.

2. The brief has been reduced to 20 pages pursuant to Local Rule 7.1(b)(4).

3. I have included a section entitled, "CONCISE STATEMENT OF THE MATERIAL FACTS OF RECORD AS TO WHICH THE MOVING PARTY CONTENDS THERE IS NO GENUINE ISSUE TO BE TRIED," which includes page references to affidavits. I have used two affidavits—my own and that of Pittsfield Post Master Roger Parent. As such, it is believed that Rule 56.1 is complied. Both affidavits are attached to the Brief in Support as exhibits.

I have had to eliminate some facts and arguments throughout the brief. In order to squeeze the brief into twenty pages, and because upon further reflection after having more closely examined the affidavit of Pittsfield Post Master Parent, I can see there is a serious disputation of the facts regarding the architectural features of the Pittsfield Postal Sidewalk. Accordingly, what was labeled, "ISSUE 3: Whether the sidewalk at the Pittsfield Post Office is a traditional public forum, subject to strict scrutiny

1

review, because it is a *Grace* sidewalk?" has been removed in the latest (and hopefully last) version of the brief. Because I maintain that the Pittsfield Postal Sidewalk is a *thoroughfare* and not just an *interior sidewalk*, see Mr. Del Gallo's "Affidavit Of Topography Of Pittsfield Post Office," and this runs contrary to the Parent Affidavit, any summary judgment based upon the architectural features of the Pittsfield Post Office is thereby foreclosed.

While I still maintain that the power of the Post Office to ban political speech is outside of the an enabling act which basically states, "Go run a post office," and is so standardless that it constitutes an unconstitutional delegation of the legislative power, I have simply run out of space to provide supporting cases and analysis. So while the argument is still maintained, the former "Issue 7" has been eliminated.

Examining the aforesaid local rules, I believe I have submitted a brief that complies with the local rules. In the event that through some act of oversight I have failed to comply with a local rule or custom, I hereby respectfully move that this court accept the brief presently submitted as a non-conforming brief. The presently submitted "Brief In Support of Summary Judgment" is 20 pages, double spaced (save for footnotes and quotations), has an exhibit containing my own affidavit and that of the Pittsfield Post Master, and contains a "Concise Statement of Material Facts of Record Which the Moving Party Contends There Is No Genuine Issue to Be Tried" with page references to the supporting affidavits in the attached exhibit.

**MR. DEL GALLO HEREBY MOVES THAT SHOULD THE ACCOMANYING BRIEF FOR SUMMARY JUDGMENT (second submitted) BE DEEMED NON-CONFORMING, IT BE ACCEPTED AS A NON-CONFORMING BRIEF.**

_____

Rinaldo Del Gallo, III          March 7, 2007